Ronald A. McIntire, Bar No. 127407
RMcIntire@perkinscoie.com
Carrie Akinaka, Bar No. 324284
CAkinaka@perkinscoie.com
**PERKINS COIE LLP**
1888 Century Park E., Suite 1700
Los Angeles, CA 90067-1721
Telephone: 310.788.9900
Facsimile: 310.788.3399

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOVATO - 777 SAN MARIN DRIVE, LLC, a Delaware limited liability company,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>FIREMAN'S FUND INSURANCE COMPANY, a California corporation; and DOES 1-10, inclusive,<br><br>　　　　　　　Defendants. | No. 3:19-CV-8134<br><br>**COMPLAINT FOR:**<br><br>**(1) BREACH OF CONTRACT - COMMERCIAL LEASE**<br><br>**(2) TRESPASS**<br><br><u>DEMAND FOR JURY TRIAL</u> |

146438749.3

COMPLAINT

For its Complaint, Plaintiff Novato - 777 San Marin Drive, LLC, a Delaware limited liability company ("Plaintiff"), alleges as follows:

**INTRODUCTION**

1. Despite its responsibility to maintain, repair, and restore the commercial property that it had leased and occupied for nearly three decades, Defendant Fireman's Fund Insurance Company ("Defendant") left behind a significant amount of personal property and left undone nearly $10.3 million in required repairs and restoration when it vacated the premises on November 6, 2018. Because Defendant failed to fulfill its removal, maintenance, restoration, and surrender obligations under two binding lease agreements (the "Leases"), Plaintiff now seeks to recover damages for, inter alia, trespass and the estimated costs of performing the work that Defendant failed to do in breach of its obligations.

**PARTIES**

2. Plaintiff is a Delaware limited liability company; its sole member is a citizen of Delaware, and Plaintiff's principal place of business is in Delaware. It is qualified to do business, and is doing business, in the State of California. Through a deed in lieu of foreclosure, Plaintiff obtained ownership and possessory interest in the commercial property located at 777 San Marin Drive, Novato, California 94945 (the "Leased Premises"). Exhibit A is a true and correct copy of the Deed in Lieu of Foreclosure, recorded on September 30, 2019, in the Official Records of Marin County as Document Number 2019-0036240.

3. Plaintiff is informed and believes, and upon that basis alleges, that Defendant is a California corporation—incorporated in California and with its principal place of business in California—and was operating a business at the Leased Premises at all relevant times herein.

4. Plaintiff is unaware of the true names and capacities, whether individual, corporate, associate, or otherwise of Doe Defendants 1 through 50, and

1  therefore sues them by fictitious name.  When their names and capacities are fully
2  ascertained, Plaintiff will amend its Complaint accordingly.
3       5.     Plaintiff is informed and believes, and upon that basis alleges that, at
4  all relevant times herein, each of the Defendants was the agent, employee, partner,
5  joint venturer, alter ego, and/or co-conspirator of one or more of the remaining
6  Defendants and in doing the acts alleged, was acting within the purpose, course,
7  and scope of such agency, employment, partnership, joint venture, and/or
8  conspiracy, and with the consent, permission, and/or ratification of one or more of
9  the remaining Defendants.

## JURISDICTION AND VENUE

1.     This Court has original jurisdiction under 28 U.S.C. § 1332, diversity jurisdiction.  Diversity jurisdiction exists because the parties are completely diverse and the amount in controversy exceeds $75,000.

2.     This Court has personal jurisdiction because, upon information and belief, Defendant is a California corporation, rendering it at home in this state; moreover, each Doe Defendant has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

3.     This Court is the proper venue under 28 U.S.C. § 1391(b)(2) because the relevant contractual transactions occurred in this District and the Leased Premises are located in this District.

## ALLEGATIONS

4.     On or about November 4, 1992, Plaintiff's predecessor-in-interest, 777 San Marin Associates, LP, and Defendant entered into two Leases, naming Defendant as tenant and 777 San Marin Associates, LP, as landlord.  <u>Exhibit B</u>  is true and complete copies of the San Marin I Lease, as amended on August 5, 2005.

1  Exhibit C is true and complete copies of the San Marin II/III Lease, as amended on
2  August 5, 2005.

3       5.     Over the next several decades, the Leases were assigned to a
4  succession of owners/landlords, including Plaintiff, but Defendant remained as
5  tenant.

6       6.     Under the terms of the Leases, Defendant agreed to remove certain
7  personal property as well as to maintain, repair, and restore certain portions of the
8  Leased Premises before vacating the Leased Premises on the Leases' expiration
9  date of November 6, 2018.

10       7.     Several months in advance of the expiration date, in or about August
11  2018, Defendant and then-landlord Novato FF Property, LLC, jointly walked the
12  Leased Premises and prepared a list dated August 8, 2018, detailing twenty-seven
13  items for removal, repair, restoration, or surrender.

14       8.     After supplemental reviews of the Leased Premises, on or about
15  November 2, 2018, Plaintiff's immediate predecessor-in-interest, Novato FF
16  Property, LLC, informed Defendant about additional items that should have been
17  included in the walkthrough list.  Defendant was also then notified that it had
18  breached its ongoing maintenance obligations under the Leases by previously
19  representing that it would make certain repairs and replacements, amounting to
20  more than $7 million, yet Defendant failed to complete them.

21       9.     On or about November 6, 2018, Defendant vacated the Leased
22  Premises without fulfilling its removal, repair, and restoration, and surrender
23  obligations.

24       10.     Defendant is liable for the total estimated costs of performing the work
25  that Defendant failed to do.  As of November 6, 2018, Defendant owes Plaintiff at
26  least $10,272,802, plus interest accruing daily, as well as all punitive damages
27  allowable under California law for Defendant's intentional and continued trespass
28  on the Leased Premises through its personal property.

-3-          COMPLAINT

146438749.3

# FIRST CAUSE OF ACTION

## Breach of Contract - Commercial Lease

### (Against All Defendants, including DOES 1 through 50)

11. Plaintiff incorporates by reference and re-alleges as if fully stated herein the allegations set forth in Paragraphs 1 through 10.

12. Through predecessors-in-interest, Plaintiff entered into two Leases with Defendant, and Defendant executed each Lease and all Lease amendments.

13. Plaintiff and its predecessors-in-interest have performed all conditions, covenants, and promises required on their part to be performed in accordance with the terms and conditions of the Leases except for those conditions, covenants, and promises which were prevented by Defendant's failure to perform or were otherwise excused.

14. Defendant breached the Leases by failing to fulfill its ongoing maintenance obligations as well as by failing to fulfill its removal, repair, restoration, and surrender obligations before the Leases expired.

15. Defendant is in material breach of the Leases by failing, despite Plaintiff's reasonable notice and demands, to fulfill each of the joint and several obligations under the Leases.

16. As a direct, actual, and proximate result of Defendant's breach of the Leases, Plaintiff has been damaged in an amount to be determined at trial, including at least $10,272,802, the estimated costs of performing the necessary work that Defendant failed to do, and all additional costs, attorneys' fees, and interest at the legal rate.

# SECOND CAUSE OF ACTION

## Trespass

### (Against All Defendants, including DOES 1 through 50)

17. Plaintiff incorporates by reference and re-alleges as if fully stated herein the allegations set forth in Paragraphs 1 through 16.

1     18.    Plaintiff currently owns and holds possessory interest in the Leased Premises.

    19.    Prior to the expiration date of the Leases, Plaintiff, through a predecessor-in-interest, allowed a select few items of Defendant's personal property to remain at the Leased Premises but expressly demanded removal of others upon expiration of the Leases.

    20.    Despite Plaintiff's demands for removal, and in excess of those demands, Defendant intentionally left, or caused another to leave, substantial amounts of personal property on the Leased Premises after the expiration of the Leases.

    21.    As a direct, actual, and proximate result Defendant's conduct, which was and is a substantial factor in causing Plaintiff's harm, Plaintiff has been damaged in an amount to be determined at trial, including the costs of performing the necessary removal and restoration work that Defendant failed to do, and all additional costs, attorneys' fees, and interest at the legal rate.

    22.    Defendant's conduct was malicious, oppressive, and/or fraudulent, exhibited a willful and conscious disregard of Plaintiff's rights, and subjected Plaintiff to unjust hardship, thereby entitling Plaintiff to punitive damages under California Civil Code § 3294.

## **PRAYER FOR RELIEF**

Plaintiff demands judgment from Defendants, jointly and severally, as follows:

    23.    For $10,272,802 and all other actual, compensatory, consequential, and incidental losses and damages, according to proof;

    24.    For punitive damages pursuant to California Civil Code § 3294;

    25.    For interest as allowed by the Leases, California Civil Code § 3287, and/or other California law, according to proof;

26. For costs, attorneys' fees, and expenses as allowed by the Leases and California law, in an amount according to proof;

27. For such other and further relief as this Court may deem just and proper.

## REQUEST FOR JURY TRIAL

Plaintiff Novato - 777 San Marin Drive, LLC requests a trial by jury.

DATED: December 13, 2019

**PERKINS COIE LLP**

By: */s/ Ronald A. McIntire*
Ronald A. McIntire

Attorneys for Plaintiff

146438749.3